```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BRANKO ZIVKOVIC,

                    Petitioner,              MEMORANDUM & ORDER
                                             08-CV-2628 (TCP)
        -against-

UNITED STATES OF AMERICA,

                    Respondent.
----------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ NOV 1 ⁊ 2009 ★

LONG ISLAND OFFICE

DF

APPEARANCES:

For Petitioner:   Branko Zivkovic, pro se
                  39292-039
                  Giles W. Dalby Correctional Facility
                  805 North Avenue F
                  Post, TX 79356

For Respondent:   Laura Treinis Gatz, Esq.
                  United States Attorneys Office
                  Eastern District of New York
                  610 Federal Plaza
                  Central Islip, NY 11722-4454

PLATT, District Judge:

On June 30, 2008, Branko Zivkovic ("Petitioner"), proceeding pro se, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Petitioner maintains that he was erroneously denied a time-served credit for his pre-sentence 23-months of home confinement. For the reasons stated below, Petitioner's application is DENIED.

## BACKGROUND

Petitioner was arrested and charged with conspiring to traffic in motor vehicles, and motor-vehicle parts, on which the vehicle identification numbers had been removed or obliterated. The

1

conspiracy's participants, including Petitioner, stole, purchased, dismantled, reassembled, and sold these motor vehicles and motor-vehicle parts, and, while the means and methods of the conspiracy varied based on opportunity, the goals remained the same: "to make money for members of the conspiracy by devising means to obtain unmarked titles or salvage titles for motor vehicles that had been damaged, destroyed or stolen or reassembled with stolen parts and to sell the motor vehicles to unsuspecting consumers as legitimately obtained and titled motor vehicles." (Superseding Indictment ¶ 39.)

On March 9, 2006, Petitioner pleaded guilty to violating 18 U.S.C. § 371: conspiracy to traffic in motor vehicles and motor vehicle parts in which the identification numbers had been removed or obliterated—a Class D felony. Under his Plea Agreement, Petitioner agreed that he would "not file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 41 months or below." (Plea Agmt. ¶ 5.) Petitioner was sentenced to 33 months.[1]

Petitioner filed this petition under 28 U.S.C. § 2255, on June 30, 2008, seeking to have this Court amend his judgment so that his 23-month home confinement is credited toward his 33-month prison sentence. On August 14, 2008, Petitioner sought to have this Court recuse itself. Then, on September 9, 2008, Petitioner filed a writ of mandamus seeking a reassignment of his case to a different judge. This writ was denied by the Second Circuit on December 9, 2008, and by this Court

---

[1] Petitioner was granted "credit for custody time served from January 24–27, 2005 and September 26, 2005–March 9, 2005." (Am. J. 2.) Following his prison term, Petitioner was sentenced to an additional three years of supervised release. (Am. J. 3.) Further, Petitioner was required to pay a $100 assessment, and $ 52,995 in restitution. (Am. J. 4.)

2

on December 17, 2008.[2]

## DISCUSSION

I.     Petitioner Waived his Right to Challenge his Sentence at the Plea

Under his Plea Agreement with the Government, Petitioner stipulated that he would not file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposed a term of imprisonment of 41 months or below. (Plea Agreement ¶ 5.) "In general, a defendant's knowing and voluntary waiver of his right to appeal or challenge a sentence within an agreed guideline range is enforceable." United States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1997). But Petitioner now argues that the Court erred by ruling that he was not entitled to any credit for the time he served while on bail, under house arrest. (Petr.'s Mem. L. 2.)

The Second Circuit has held that there are certain situations where a defendant may seek review of a sentence notwithstanding the existence of a waiver pursuant to a plea agreement. Such instances include: "1) the arbitrary practice of sentencing without [proffered] reasons which . . . could in some cases amount to an abdication of judicial responsibility subject to mandamus . . . ; 2) the defendant's right to appeal on the grounds of ineffective assistance of counsel, . . . ; and 3) the arguably unconstitutional consideration of naturalized status." See Rosa. 123 F.3d at 98 (internal quotation marks and citations omitted); see also United States v. Jacobson, 15 F.3d 19, 23 (2d Cir. 1994). "The same principle[s] appl[y] to a waiver of a right to file a section 2255 petition." Garcia v. United States, No. 04-CV-6020, 2008 WL 683661, at *3 (S.D.N.Y. Mar. 14, 2008) (citations

---

[2] For some unknown reason, Petitioner's application reached the Court of Appeals for this Circuit before it reached this Court. The Circuit denied the same without prejudice to renew if this Court failed to take action on the motions within a reasonable time after receiving all documents necessary for a decision. After receiving all necessary documents, this Court denied the writ.

3

omitted).

Here, the Court finds that Petitioner knowingly and voluntarily waived his right to appeal and to file a Section 2255 petition. Thus, Petitioner could vacate his sentence only on limited grounds—none of which apply here. His claim is therefore rejected.

II.     Petitioner Failed Administratively to Exhaust his Claim

Moreover, in order to bring suit in the District Court challenging a sentence, a petitioner must first administratively exhaust his or her claims. See United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992); Martinez v. United States, 19 F.3d 97, 99 (2d Cir. 1994) ("[Petitioner] must first exhaust the administrative procedures available under 28 C.F.R. §§ 542.10-542.16 (1993) [seeking relief for a sentencing credit] before seeking relief in the district court."); Arashi v. United States, No. 94-CV-7603, 1995 WL 358676, at *2 (S.D.N.Y. Jun. 14, 1995) ("the law is clear that an inmate may not bring an action for jail time credit in the district court unless he has first exhausted the administrative remedies available within the Bureau of Prisons."); see also Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993) ("Before petitioning the federal courts for credit for her house arrest, Fraley must first exhaust her administrative remedies through the Bureau of Prisons."). Exhaustion is excused, however, if it would be futile. See United States v. Gotti, 755 F. Supp. 1159, 1165 (E.D.N.Y. 1991); see also Fraley, 1 F.3d at 925 ("Exhaustion [of a challenge of house-arrest credit] is not required if pursuing those remedies would be futile."). There is no evidence that Petitioner exhausted his claims administratively.[3] Nor has Petitioner made any claim of futility. Petitioner is thus barred from bringing his claim in this Court.

---

[3] Neither Petitioner nor the Government made any arguments regarding exhaustion. Further, an inquiry with the BOP confirmed that Petitioner never filed an administrative claim with them challenging the computation of his sentence.

4

III. Petitioner's Argument Fails on the Merits

Notwithstanding waiver, and a failure to exhaust his claim administratively, Petitioner's argument fails on the merits. He was not "entitled" to any credit for time served. Section 3585 of Title 18 sets out when a credit for time served is required. See 18 U.S.C. § 3585(b) (2009). That section reads: "(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . ." Id. (emphasis added). But, "[f]or the purpose of calculating credit for time served under 18 U.S.C. § 3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration." United States v. Woods, 888 F.2d 653, 655 (10th Cir. 1989); see also United States v. Peterson, 507 F.2d 1191, 1192 (D.C. Cir. 1974) ("custody" under § 3568 "means detention or imprisonment in a place of confinement"); Polakoff v. United States, 489 F.2d 727, 730 (5th Cir. 1974) (defendant's time on "highly restricted bond" not "custody" under § 3568). And home confinement does not constitute "official detention" so that it would mandate a time-served credit. See United States v. Edwards, 960 F.2d 278, 283 (2d Cir. 1992), overruled on other grounds, 503 U.S. 329, 335, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) ("We are constrained to reject Edwards' claim that due to the restrictive terms of his pre-sentence confinement this was tantamount to official detention, and, therefore, he is entitled to sentencing credit."). Thus, Petitioner was not entitled to any time-served credit for his home confinement.[4] See Cucciniello v. Keller, 137 F.3d 721, 723 (2d Cir. 1998) ("The absence of

---

[4] The Court, in its discretion, may credit a defendant for time spent in home confinement. Loeffler v. Menifee, 326 F. Supp. 2d 454, 461 (S.D.N.Y. 2004) ("Section 3624(c), fairly read, permits pre-release home confinement to be credited as time served as part of a term of imprisonment, even though it is not penal or correctional confinement." (emphasis added)). Since a time-served credit is merely permissible, and not mandatory, the Court had the discretion

5

credit against his [] sentence for time spent in that portion of his home confinement imposed as a sentence on the gun charge is no different than any other prisoner's lack of credit for time served pursuant to a sentence for a different offense."); Martinez, 19 F.3d at 99 (2d Cir. 1994) ("It is well settled in any event that a prisoner is not entitled to sentencing credit for time spent during his release on bail.").

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is DENIED.

Pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as Petitioner has not made a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 332, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

The Clerk of the Court is directed to mark this matter closed and terminate all pending motions.

SO ORDERED.

_____
Thomas C. Platt, U.S.D.J.

Dated:   Central Islip, New York
         November 19, 2009

---

to make its considered decision not to credit Petitioner for any time he spent in home confinement.